

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2008

# Xiong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Xiong v. Atty Gen USA" (2008). *2008 Decisions.* Paper 764.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/764

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3334
_____

ZHENG JIN XIONG,

                                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of Order of the
Board of Immigration Appeals
(Agency No. 79-682-302)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 30, 2008
Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

(Opinion filed: July 31, 2008)
_____

OPINION
_____

PER CURIAM

        The petitioner, a citizen of the People's Republic of China, seeks review of a final

order from the Board of Immigration Appeals ("BIA").  For the following reasons, we

will deny the petition for review.

I.

The petitioner, Zheng Jin Xiong, entered the United States on February 25, 2002, and was served with a notice of appear on the same day. The petitioner conceded removability, but did not apply for asylum and related relief until April 17, 2003. He originally claimed that he was eligible for asylum because he was persecuted in China due to his practice of Falun Gong, but at his January 2006 removal proceedings, he sought to proceed on a claim for withholding of removal based on his assertion that he would be sterilized if he was forced to return to China. He testified that he was married in May 2004 to a woman who became a naturalized U.S. citizen in July 2005. The petitioner and his wife became parents of a daughter in January 2005, and the petitioner's wife was pregnant with their second child during the removal proceedings.

At the removal proceedings, the Immigration Judge ("IJ") pretermitted and denied the asylum application as untimely, and denied the petitioner's claims for withholding of removal under 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture ("CAT").[1] Based on U.S. State Department reports submitted by the government, the IJ acknowledged that coercive sterilization occurs in China despite the Chinese government's statements to the contrary. The IJ also noted that although there was no

---

[1] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, 8 U.S.C. § 1231.

national policy regarding foreign-born children, the 2004 country profile stated that "unless one of the parents . . . has residence rights in another country, a family with U.S. born . . . children receives no special treatment." The IJ then reasoned that because the petitioner's wife is a U.S. citizen, the petitioner and his family would receive some type of special treatment under China's family planning laws. As the petitioner did not present any rebuttal evidence, the IJ held that he did not meet his burden of proving that he faced a clear probability of persecution as is required for withholding of removal. See INS v. Stevic, 467 U.S. 407, 430 (1984). The IJ also denied the petitioner's CAT claim based on the probability of sterilization, as well as his CAT claim based on the assertion that he would be tortured because he left China illegally. See 8 C.F.R. § 208.16(c)(2).

On July 6, 2007, the BIA denied the petitioner's appeal and motion for remand. The BIA agreed with the IJ that the petitioner did not meet his burden of proof for withholding of removal because he did not rebut the evidence in the record that he would receive special treatment under the family planning laws due to his wife's U.S. citizenship. The BIA also agreed with the IJ that the petitioner did not demonstrate that he was eligible for relief under the CAT.

Through counsel, the petitioner filed a petition for review in this Court seeking review only of the determinations that he was ineligible for withholding of removal and relief under the CAT.

3

The petitioner seeks review of the BIA's order dismissing his appeal from the IJ's denial of his claims for withholding of removal and relief under the CAT. We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). In this case, we review the decisions of both the BIA and IJ. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004).

To be eligible for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), an applicant must demonstrate that it is more likely than not that he will be persecuted if he is returned to his home country. Stevic, 467 U.S. at 429-30. Similarly, the CAT requires an applicant to show, through objective evidence, that it is more likely than not that he would be tortured if returned to his home country. 8 C.F.R. § 208.16(c)(4).

Here, substantial evidence supports the finding that the petitioner failed to demonstrate that it was more likely than not that he would be persecuted and/or tortured upon his return to China. See Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007) (stating that factual findings are reviewed for substantial evidence and legal conclusions are reviewed de novo). At the removal proceedings, the government introduced the only evidence regarding the threat of sterilization—three 2004 U.S. Department of State reports. The IJ construed the reports to indicate that the petitioner would receive special treatment under China's family planning laws due to his wife's American citizenship. The BIA and IJ then explained that because the petitioner did not

4

present any rebuttal evidence of the likelihood of sterilization, he did not meet his burden of establishing his eligibility for withholding of removal. Although the BIA's and IJ's conclusion regarding the potential for "special treatment" under the family planning policy rests on a slender reed—a negative inference from a statement in the country condition report—we agree that the petitioner failed to produce sufficient evidence that he would likely be subjected to persecution if he was returned to China. See Mulanga v. Ashcroft, 349 F.3d 123, 133 (3d Cir. 2003) (reiterating that the burden of establishing eligibility for withholding of removal and relief under the CAT is on the applicant). See also Xie, 359 F.3d at 244 (stating that the BIA can rely upon State Department reports that are vague and ambiguous). Additionally, while the BIA was not required to rely on the country condition report in making its decision, it was entitled to do so "as long as . . . it did not overlook any contradictory evidence directly presented by the petitioner." Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005); see also Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008) (finding that State Department reports may constitute substantial evidence).[2]

Finally, the conclusion that the petitioner was not eligible for relief under the CAT due to the possibility that he may be detained and fined for leaving China illegally is

---

[2]  Although forced sterilization constitutes torture, Yu, 513 F.3d at 348, because the petitioner did not meet his burden of proof regarding his withholding of removal claim based on the likelihood of sterilization, he also cannot succeed on a claim that he will likely be subject to torture due to the probability of sterilization.

supported by substantial evidence. As the IJ recognized, the record contains evidence that returnees from the United States may face detention as well as fines; however, detention and fines, without more, do not rise to the level of torture as defined in the CAT. See Wang v. Ashcroft, 368 F.3d 347, 350-51 (3d Cir. 2004); Sevoian v. Ashcroft, 290 F.3d 166, 175-76 (3d Cir. 2002). Thus, substantial evidence supports the BIA's and IJ's decision that the petitioner was not eligible for relief under the CAT.

For these reasons, and after careful consideration of the record and the parties' contentions, we will deny the petition for review.